**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WESLEY A. MASSEY,** | ) | |
| **Plaintiff,** | ) | **Civil Action No. 17-173Erie** |
| | ) | |
| **v.** | ) | **District Judge Hornak** |
| | ) | |
| **TODD PFEIFER, et al,** | ) | **Magistrate Judge Baxter** |
| **Defendants.** | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

## I.      RECOMMENDATION

It is hereby recommended that the motion for leave to proceed *in forma pauperis* [ECF No. 1] is GRANTED.

It is further recommended that the claims against Defendants Craig Howe, Andrew Natale, and Rita Marwood be dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(e).

## II.     REPORT

### A.  Procedural History

This civil rights action was received in this Court on June 29, 2017, along with a motion seeking leave for Plaintiff to proceed *in forma pauperis*.

Plaintiff is a pretrial detainee and alleges that Police Chief Todd Pfeifer, Patrolman Kevin Forcier, Assistant District Attorneys Craig Howe and Andrew Natale, and Magistrate District Judge Rita Marwood have violated his constitutional rights under the Fourth, Fifth, Eighth, and Fourteenth Amendments, as well as committed malicious use and abuse of process, willful

misconduct, false arrest and false imprisonment. Plaintiff's claims arise out of the investigation and arrest upon which he is currently detained. Plaintiff seeks monetary damages.

### B. Standards of Review

#### 1) The Prison Litigation Reform Act

On April 23, 1996, the Prison Litigation Reform Act (hereinafter, "Act"), Pub.L.No. 104-134, was enacted to amend 28 U.S.C. §1915, which establishes the criteria for allowing an action to proceed without payment of costs.  Section 1915(e) as amended, states in relevant part: "The court shall dismiss the case at any time if the court determines that -- ...(B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted..."  A claim is frivolous if it: 1) is based upon an indisputably meritless legal theory and/or, 2) contains factual contentions that are clearly baseless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989).  A plaintiff has failed to allege a § 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation."  Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984).  This Court has discretion to dismiss frivolous or malicious in forma pauperis complaints under 28 U.S.C. § 1915(d).  Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). The U.S. Supreme Court has instructed that § 1915 provides the Court with the authority "... to dismiss a claim based on an indisputably meritless theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  Neitzke, 490 U.S. at 327.  In fact, the statute not only empowers the court to screen out frivolous cases before the complaint is served, it actually encourages it.  Roman v. Jeffes, 904 F.2d 192, 195-96 (3d Cir. 1990).

Evaluating motions to proceed *in forma pauperis* under 28 U.S.C. § 1915 is a two-step process. See id. at 194 n.1. "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a). Second the court assesses the complaint under [§ 1915(e)(2)] to determine whether it is frivolous." Id. (internal citation omitted).Therefore, only after the district court grants the request to proceed *in forma pauperis* may it dismiss the complaint as legally frivolous. See Jackson v. Brown, 460 Fed. Appx 77, 79 n.2 (3d Cir. 2012*)* ("As a procedural matter, therefore, the District Court should have addressed Jackson's [ *in forma pauperis* ] motion before dismissing the complaint as frivolous, rather than deny the [ *in forma pauperis* ] motion as moot after dismissal."); Spuck v. Fredric*,* 414 Fed.Appx 358, 359 (3d Cir.2011) ("When a complaint is submitted along with an [ *in forma pauperis* ] application, the complaint is not deemed filed unless and until [ *in forma pauperis* ] status is granted. [ ... ] in that situation, the District Court must first rule on the [*in forma pauperis* ] application and, only if it grants the application, proceed to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B).").

### 2) Failure to State a Claim

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) or § 1915A(b)(1) is identical to the legal standard used when ruling on a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of either of these two statutes, a court must grant the plaintiff leave to amend his

complaint, unless amendment would be inequitable or futile. <u>See</u> <u>Grayson v. Mayview State</u>

<u>Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

In reviewing a *pro se* plaintiff's complaint, the court must accept all factual allegations in

the complaint as true and take them in the light most favorable to the *pro se* plaintiff. <u>See</u>

<u>Erickson v. Pardus</u>, 551 U.S. 89, 93 (2007); <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 229

(3d Cir. 2008). A complaint must be dismissed if it does not allege "enough facts to state a claim

to relief that is plausible on its face." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 554, 556 (2007).

"Factual allegations must be enough to raise a right to relief above a speculative level." <u>Id</u>.at 555.

The court need not accept inferences drawn by the plaintiff if they are unsupported by the facts

as set forth in the complaint. <u>See</u> <u>California Pub. Employee Ret. Sys. v. The Chubb Corp.</u>, 394

F.3d 126, 143 (3d Cir. 2004) (internal citation omitted). Nor must the court accept legal

conclusions set forth as factual allegations.  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555

(2007) <u>citing</u> <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986). Additionally, a civil rights claim

"must contain specific allegations of fact which indicate a deprivation of constitutional rights;

allegations which are nothing more than broad, simple and conclusory statements are insufficient

to state a claim under § 1983." <u>Alfaro Motors, Inc. v. Ward</u>, 814 F.2d 883, 887 (2d Cir. 1987).

Finally, a court must employ less stringent standards when considering *pro se* pleadings

than when judging the work product of an attorney. <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521

(1972).  When presented with a *pro se* complaint, the court should construe the complaint

liberally and draw fair inferences from what is not alleged as well as from what is alleged.

<u>Dluhos v. Strasberg</u>, 321 F.3d 365, 369 (3d Cir. 2003). In a §1983 action, the court must "apply

the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." <u>Higgins</u>

<u>v. Beyer</u>, 293 F.3d 683, 688 (3d Cir. 2002) (internal quotation omitted). <u>See</u> <u>also</u> <u>Nami v. Fauver</u>,

4

82 F.3d 63, 65 (3d Cir. 1996*)* ("Since this is a § 1983 action, the [*pro se*] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution."). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim.

### C.  Assessment of Plaintiff's motion for leave to proceed in forma pauperis

In his motion, Plaintiff states that he is unable to pay the filing fee associated with this case. Based upon this averment and the documentation filed in support thereof, I find that Plaintiff is without sufficient funds to pay the costs and fees of the proceedings, and accordingly, his motion for leave to proceed *in forma pauperis* should be granted.

### D.  Assessment of Plaintiff's complaint

Even liberally construing the factual allegations of the complaint, the claims against Assistant District Attorneys Howe and Natale and against Magistrate District Judge Marwood should be dismissed as frivolous as each of these Defendants is entitled to immunity.

*Marwood*

The actions of Magistrate District Judge Marwood are insulated from liability by judicial immunity.  Judicial immunity is "immunity from suit, not just from an ultimate assessment of damages." <u>Mireles v. Waco</u>, 502 U.S. 9, 11 (1991).  Judicial officers are immune from damage suits arising out of their official duties.  <u>Stump v. Sparkman</u>, 435 U.S. 349 (1978); <u>Piskanin v. Hammer</u>, 2005 WL 613644 (E.D.Pa., 2005) (applying judicial immunity to "district justice").[1]

---

[1] Additionally, quasi-judicial officers, who act in accordance with their duties or at the direction of a judicial officer, are also immune from suit.  <u>See</u> <u>Gallas v. Supreme Court of Pennsylvania</u>, 211 F.3d 760, 772-73 (3d Cir. 2000) (court administrator entitled to immunity for release of information ordered by a judge); <u>Lockhart v. Hoenstine</u>, 411 F.2d 455, 460 (3d Cir. 1969)

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman 435 U.S. at 356. See also Benn v. First Judicial District, 426 F.3d 233 (3d Cir. 2005) (applying Eleventh Amendment immunity to courts). See also Seigert v. Gilley, 500 U.S. 226, 231 (1991) ("One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."); In Re Montgomery County, 215 F.3d 367, 373 (3d Cir. 2000) ("Absolute immunity creates not only protection from liability, but also a right not to stand trial.").

"A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of authority...." Sparkman, 435 U.S. at 356. However, judicial immunity may be overcome when: (i) the challenged actions were not taken in the judge's judicial capacity; or (ii) the challenged actions, "though judicial in nature, were taken in the complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. In this case, Plaintiff does not allege that the challenged actions of Magistrate District Judge Marwood were taken outside of the judicial capacity or were done without authority.

The claims against Magistrate District Judge Marwood should be dismissed as frivolous.

*Howe and Natale*

The challenged actions of Assistant District Attorneys Howe and Natale are protected from liability by immunity. Prosecutors engaged in "activities intimately associated with the judicial phase of the criminal process" are absolutely immune from § 1983 money damages.

---

(holding that prothonotary, acting under court direction, was immune from suit). The doctrine of absolute quasi-judicial immunity has been applied to court support personnel due to "the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly, will vent their wrath on clerks, court reporters, and other judicial adjuncts." Kincaid v. Vail, 969 F.2d 594, 601 (7th Cir. 1992).

Imbler v. Pachtman, 424 U.S. 409, 420 (1976).Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. Ross v. Morgan, 638 F.2d 646, 648 (3d Cir. 1981). Actions that relate to the prosecutor's role as an advocate are "judicial" actions. Mancini v. Lester, 630 F.2d 990, 993 (3d Cir. 1980). For example, prosecutors are absolutely immune from claims for malicious prosecution, for solicitation of perjured testimony, and for conspiracy with state actors while engaged in an advocacy role. See Imbler; Ross. In fact, a prosecutor's duties extend beyond the actual filing of a lawsuit. In Imbler, the Supreme Court noted that "the duties of the prosecutor in his role as an advocate for the state involve actions preliminary to the initiation of a prosecution and action separate from the courtroom." Id. at 431, n.33. Thus, prosecutors are absolutely immune from liability for filing false charges or initiating a prosecution, Kulwicki v. Dawson, 969 F.2d 1454, 1463 (3d Cir. 1992), or for deciding not to initiate a prosecution, Isley v. Bucks County, 549 F.Supp. 160, 161 (E.D. Pa. 1982). Here, Plaintiff's claims against Assistant District Attorneys Howe and Natale are solely judicial in nature. As a result, said Defendants are immune from liability under the doctrine of absolute prosecutorial immunity and the claims against them should be dismissed as frivolous.


III.     CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for leave to proceed *in forma pauperis* [ECF No. 1] is GRANTED. It is further recommended that the claims against Defendants Craig Howe, Andrew Natale, and Rita Marwood be dismissed as legally frivolous in accordance with 28 U.S.C. § 1915(e).

In accordance with 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72, the parties must seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation.  Any party opposing the Objections shall have fourteen (14) days from the date of service of the Objections to respond thereto.  See Fed.R.Civ.P. 72(b)(2).  Extensions of time will not be granted.  Failure to file timely objections may constitute a waiver of appellate rights.  See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011); Nara v. Frank, 488 F.3d 187 (3d Cir. 2007).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated:  July 28, 2017