# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY A. MASSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:17-cv-00173-NBF-SPB |
| ) | District Judge Nora Barry Fischer |
| TODD PFEIFER, KEVIN FORCIER, ) | Magistrate Judge Susan Paradise Baxter |
| CRAIG HOWE, ANDREW NATALE, ) | |
| and RITA MARWOOD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Presently before the Court is the Report and Recommendation (Docket No. 3) of Magistrate Judge Susan Paradise Baxter advising that the Court grant Plaintiff Wesley A. Massey's Motion for Leave to Proceed *in forma pauperis* (Docket No. 1) and dismiss all counts in the accompanying Complaint (Docket No. 1-1) against Craig Howe, Andrew Natale, and Rita Marwood. Plaintiff filed Objections (Docket No. 4) to the Report and Recommendation, conceding that Marwood should be dismissed, but arguing that Howe and Natale should not. This Court exercises subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question). For the reasons that follow, the Court will grant Plaintiff's Motion to Proceed *in forma pauperis*, and dismiss Plaintiff's Complaint as against Howe, Natale, and Marwood.

On June 29, 2017, Plaintiff filed his Motion and accompanying Complaint pursuant to 28 U.S.C. § 1915. Plaintiff's Complaint alleges violations of the Fourth, Fifth, Fourteenth, and Eighth Amendments to the Constitution of the United States as well as claims for "Malicious Abuse of Process," "Malicious Use of Process," "Willful Misconduct," "False Imprisonment,"

and "False Arrest." The Third Circuit Court of Appeals directs district courts considering motions to proceed *in forma pauperis* and accompanying complaints to utilize a two-step analysis before granting or denying the relief sought. "First, the district court evaluates a litigant's financial status and determines whether (s)he is eligible to proceed in forma pauperis under § 1915(a). Second, the court assesses the complaint under § 1915(e)(2) to determine whether it is frivolous." *Roman v. Jeffes*, 904 F.2d 192, 194 n. 1 (3d Cir. 1990) (citing *Sinwell v. Shapp*, 536 F.2d 15 (3d Cir. 1976)); *Schneller v. Abel Home Car, Inc.*, 389 F.App'x 90, 92 (3d Cir. 2010). Presently, the court finds Plaintiff to be without sufficient funds to pay the required filing fee. He will be granted leave to proceed *in forma pauperis*.[1] However, this does not end the court's inquiry.

The Supreme Court has identified two types of legally frivolous complaints: (1) those based upon indisputably meritless legal theory, and (2) those with factual contentions which clearly are baseless. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Whether Plaintiffs' Amended Complaint is frivolous, and therefore fails to state a claim under § 1915(e), is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

It is well-settled that in reviewing a motion to dismiss under Rule 12(b)(6) "[t]he applicable standard of review requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party. *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

---

[1] In accord with the findings of Judge Baxter (Docket No. 3 at 5), the Court finds that Plaintiff is without sufficient funds to pay the costs and fees related to the present litigation. (*See* Docket No. 1 at 1 – 3).

2

Under the Supreme Court's decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561 (2007), dismissal of a complaint is proper only when the averments of the complaint plausibly fail to raise directly or inferentially the material elements necessary to obtain relief under a viable legal theory of recovery. *Id.* The allegations of the complaint must be grounded in enough of a factual basis to move the claim from the realm of mere possibility to one that shows entitlement by presenting "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In contrast, pleading facts that only offer "'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" nor will advancing only factual allegations that are "'merely consistent with' a defendant's liability." *Id.* Similarly, tendering only "naked assertions" that are devoid of "further factual enhancement" falls short of presenting sufficient factual content to permit an inference that what has been presented is more than a mere possibility of misconduct. *Id.*; *see also Twombly*, 550 U.S. at 563 n. 8 (A complaint states a claim where its factual averments sufficiently raise a "'reasonably founded hope that the [discovery] process will reveal relevant evidence' to support the claim.") (quoting *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005); *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975)); *accord Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (a court need not credit "bald assertions" or "legal conclusions" in assessing a motion to dismiss) (citing with approval Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE AND PROCEDURE § 1357 (3d ed. 1997) ("courts, when examining 12(b)(6) motions, have rejected 'legal conclusions,' 'unsupported conclusions,' 'unwarranted inferences,'

'unwarranted deductions,' 'footless conclusions of law,' or 'sweeping legal conclusions cast in the form of factual allegations.'").

This is not to be understood as imposing a probability standard at the pleading stage. *Iqbal*, 556 U.S. at 678 ("'The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 235 (3d Cir. 2008) (same). Instead, "[t]he Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: 'stating…a claim requires a complaint with enough factual matter (taken as true) to suggest the required element…[and provides] enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" *Phillips*, 515 F.3d at 235; *see also Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 321 (3d Cir. 2008) ("'The complaint must state 'enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'") (quoting *Phillips*, 515 F.3d at 235) (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

It is also well-settled that pleadings filed by *pro se* litigants are to be construed liberally. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). In such circumstances the court has an obligation to "apply the applicable law, irrespective of whether a *pro se* litigant has mentioned it by name." *Higgins*, 293 F.3d at 688 (quoting *Holley v. Dep't of Veterans Affairs*, 165 F.3d 244, 247 – 48 (3d Cir. 1999)).

Plaintiff's claims arise from circumstances surrounding the investigation of his alleged misuse of an employer-issued credit card. Both Howe and Natale were assistant district attorneys in Crawford County, Pennsylvania, at the time of the events in question. The

4

Magistrate Judge concluded that Howe and Natale were entitled to absolute immunity because all of their activities were intimately associated with the judicial phase of the criminal process. (Docket No. 3 at 6). This included actions preliminary to court proceedings such as the decision whether or not to file charges. (*Id.* at 7). In his Objections, Plaintiff states that Natale was acting as a "Special Investigator," and not an assistant district attorney, because Natale allegedly required investigating officers to report their findings to him. (Docket No. 4 at 2). Additionally, Howe and Natale were purportedly conspiring to extort money from Plaintiff for purposes of satisfying the judgment in the related civil case brought by Plaintiff's former employer. (*Id.*). Thus, Howe and Natale's actions related to Plaintiff's alleged misuse of his employer-issued credit card were beyond the scope of their judicial functions. (*Id.* at 4).

It has long been held that prosecutors are "immune from damages claims arising from their official acts." *Naranjo v. City of Phila.*, 626 F.App'x 353, 356 (3d Cir. 2015) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 – 31 (1976)). "'In initiating a prosecution and presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983.'" *Id.* (quoting *Imbler*, 424 U.S. at 430 – 31). However, "'where the role as advocate has not yet begun or where it has concluded, absolute immunity does not apply.'" *Yarris v. Cnty. of Del.*, 465 F.3d 129, 137 (3d Cir. 2006) (quoting *Spurlock v. Thompson*, 330 F.3d 791, 799 (6th Cir. 2003)). Not all "litigation-inducing conduct" triggers absolute immunity; for instance, when a prosecutor assumes an investigating role normally held by a detective or police officer, the prosecutor is entitled only to qualified immunity. *Richter v. Pa. State Police*, 2016 WL 5468164, at *2 (W.D. Pa. Sept. 29, 2016) (Bissoon, J.) (citing *Burns v. Reed*, 500 U.S. 478, 494 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259, 276 (1993)). In determining if the actions of Howe and Natale were "intimately associated with the judicial phases of litigation" and, therefore, protected by absolute

5

immunity, as opposed to only qualified immunity, the Court must look at Plaintiff's specific allegations. *Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008).

As to Natale, the Complaint asserts that – based upon the findings of investigating police officers – he did not initially believe that criminal charges against Plaintiff were warranted. (Docket No. 1-1 ¶ 2). Nonetheless, Natale changed his mind and advised the police officer assigned to the case that "after further consideration that this matter was not civil and criminal charges should be filed." (*Id.* ¶ 10). Plaintiff claims that the investigating officer refused to file criminal charges. (*Id.* ¶¶ 11 – 12). Yet, following his departure from the police department, another officer subsequently assigned to the case did file criminal charges "based upon [prior officer's] investigation." (*Id.*). This is the full extent of Plaintiff's pre-arrest allegations against Natale. Plaintiff's Complaint makes a vague reference to Natale's wrongful use of criminal process to extort the payment of a civil judgment (*id.* ¶ 18), but this does nothing to bolster his argument that absolute immunity should not apply. *See Imbler*, 424 U.S. at 427 – 28 (immunity applies even if the prosecutor acted willfully, maliciously, or in bad faith). Notably, the only action the Complaint explicitly attributed to Howe was his opposition to a reduction in Plaintiff's bond. (*Id.* ¶ 15).

Even viewed in the light most favorable to Plaintiff, the averments in the Complaint demonstrate only that Natale kept abreast of the criminal investigation of Plaintiff, and that he relied upon the findings of the investigation in his decision-making; there are no facts pled which indicate that he assumed administrative or investigatory functions normally exercised by a detective or police officer, or that his actions were unrelated to initiating or conducting judicial proceedings. *Odd*, 538 F.3d at 208; *Buckley*, 509 U.S. at 276. Indeed, "courts have applied the doctrine of absolute prosecutorial immunity with particular force when the conduct at issue

relates to the initiation of a prosecution, that is, in 'deciding which suits to bring.'" *Whitfield v. City of Phila.*, 587 F.Supp.2d 657, 666 (E.D. Pa. 2008) (quoting *Imbler*, 424 U.S. at 430). This is precisely the type of conduct in which Natale is alleged to have engaged. Similarly, the Complaint shows Howe playing the role of advocate for the state when he opposed a reduction in Plaintiff's bond. *Odd*, 538 F.3d at 208. Under these circumstances, as pled by Plaintiff, Howe and Natale are entitled to absolute immunity, regardless of Plaintiff's subjective characterization of their conduct.

Based upon the forgoing, and viewing all record evidence in the light most favorable to Plaintiff, the Court finds that the Complaint is grounded in indisputably meritless legal theory, or otherwise fails to state a claim upon which relief can be granted as to Defendants Howe, Natale, and Marwood. Further, in light of Plaintiff's averments to the effect that Howe and Natale were engaged in purely judicial or quasi-judicial behavior, the Court finds that any attempt at amending the Complaint as to these Defendants would be futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008). Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Motion to Proceed *in forma pauperis* is GRANTED.

IT IS FURTHER ORDERED that all claims asserted in Plaintiff's Complaint against Rita Marwood, Craig Howe, and Andrew Natale are DISMISSED, with prejudice.

IT IS FURTHER ORDERED that the Report and Recommendation of the Magistrate Judge is adopted by the Court.

*/s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Court

Date: August 25, 2017

cc/ecf: All counsel of record

      Wesley A. Massey
      1618 Ash Street
      Erie, PA 16503
      (via regular mail)