IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESLEY A. MASSEY, )<br>            **Plaintiff,** )<br>)<br>            v.              )<br>)<br>**TODD PFEIFER, et al.,** )<br>            **Defendants.** ) | C.A. No. 17-173 Erie<br><br>**District Judge Susan Paradise Baxter**<br>**Magistrate Judge Lisa Pupo Lenihan** |

## MEMORANDUM ORDER

This *pro se* prisoner civil rights action was received by the Clerk of Court on June 29, 2017. In his *pro se* complaint, Plaintiff asserts constitutional tort claims of "false arrest, false imprisonment, malicious abuse of process, malicious use of process and willful misconduct," as well as unspecified violations of the Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. The remaining Defendants in this case are Todd Pfeiffer, Chief of the Conneaut Lake Police Department, and Conneaut Lake police officer Kevin Forcier.[1] On August 10, 2018, Defendant filed a motion to dismiss for failure to state a claim [ECF No. 12], to which Plaintiff filed a response and brief in opposition [ECF Nos. 15, 16].

On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was subsequently reassigned to the undersigned, as presiding judge, on November 8, 2018, and was later referred to United States Magistrate Judge Lisa Pupo Lenihan for report and recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules

---

[1] Original Defendants Craig Howe, Andrew Natale, and Rita Marwood were terminated from this case on August 25, 2017, after the Court determined that the claims against them were frivolous. [ECF No. 7].

72.1.3 and 72.1.4 of the Local Rules for Magistrates.

On May 21, 2019, Judge Lenihan issued a Magistrate Judge's Report and Recommendation ("R&R") recommending that Defendant's motion to dismiss be granted, with prejudice, as to all of Plaintiff's constitutional tort claims under 28 U.S.C. § 1983, except for a purported claim for selective prosecution, which the Magistrate Judge found to be "identified but inadequately set forth in Plaintiff's post-Complaint filings." [ECF No. 59]. As to such claim, Judge Lenihan recommends that Plaintiff be granted leave to amend his complaint solely "to allege factual content sufficient to state a plausible claim of selective enforcement in violation of the equal protection clause." (Id. at p. 14). Objections to the R&R were filed by Defendants on June 3, 2019 [ECF No. 60], and by Plaintiff on July 9, 2019 [ECF No. 64].

In their objections, Defendants challenge the Magistrate Judge's recommendation that Plaintiff be granted leave to amend his complaint to more specifically allege a purported "selective enforcement" claim under the Fourteenth Amendment (ECF No. 60, at 2); however, this objection is rendered moot by Plaintiff's acknowledgement in his objections that he "does not wish to pursue any claim of selective prosecution…" (ECF No. 64, at p. 14). Based on this acknowledgement, the Court will not adopt the recommendation that Plaintiff be granted leave to amend his complaint. As to the remainder of Plaintiff's objections, Plaintiff objects solely to the recommended dismissal of his Fourth Amendment claims of false arrest, false imprisonment, and malicious prosecution stemming from his pretrial detention, which, he alleges, occurred without probable cause; however, the arguments raised in his objections mirror those previously raised in his brief in opposition to Defendants' underlying motion to dismiss [ECF No. 56], which were duly considered by the Magistrate Judge.

After *de novo* review of the complaint and documents in the case, together with the report and recommendation and objections thereto, the following order is entered:

AND NOW, this 11th day of July, 2019;

IT IS HEREBY ORDERED that Defendant's motion to dismiss [ECF No. 12] is GRANTED as to all of Plaintiff's claims, and the same are hereby DISMISSED. The report and recommendation of Magistrate Judge Lenihan, issued May 21, 2019 [ECF No. 59], is adopted as the opinion of the court, except for the recommendation that Plaintiff be granted leave to amend his complaint to more specifically allege a claim of selective enforcement, which has been rendered moot by Plaintiff's acknowledged lack of intent to pursue such a claim.

The Clerk is directed to mark this case closed.

                                                          s/Susan Paradise Baxter
                                                          SUSAN PARADISE BAXTER
                                                          United States District Judge

cc:       The Honorable Lisa Pupo Lenihan
           United States Magistrate Judge